**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| V.B., *by her next friend Angel Smith,* | ) ) ) No. 2:13-cv-2073-DCN |
| Plaintiff, | ) ) |
| vs. | ) ) **ORDER** |
| DANIEL E. MARTIN, JR., *Judge, Family Court for the Ninth Judicial Circuit,* | ) ) ) ) |
| Defendant. | ) ) |

       This matter is before the court on a motion for a temporary restraining order filed by V.B., a four-year-old child at the center of a long-running adoption dispute that has been heard in both the state courts of South Carolina and the United States Supreme Court. At 3:30 p.m. on July 31, 2013, the Charleston County Family Court plans to hold a hearing to determine the matter of transfer of physical custody of V.B. to her adoptive parents ("Adoptive Couple"), pursuant to the July 24, 2013 order of the South Carolina Supreme Court. Through the instant motion, V.B. seeks to stay the Charleston County Family Court hearing.

       V.B. does not ask this court to determine whether she should remain with her birth father ("Birth Father") or be returned to Adoptive Couple. Rather, she asks this court to find that she has a constitutionally protected right to a state court hearing that would determine what custodial arrangement would be in her best interests. For the reasons stated below, the court denies without prejudice V.B.'s motion for a temporary restraining order.

1

Abstention from deciding V.B.'s motion is warranted under the Rooker-Feldman doctrine, which bars lower federal courts from exercising jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The only federal court with authority to reverse or modify the judgment of state courts is the United States Supreme Court. Exxon Mobil, 544 U.S. at 283.

Beginning on September 15, 2011, the Charleston County Family Court held a four-day hearing on Adoptive Couple's petition for adoption and, as required by S.C. Code Ann. § 63-7-750, heard argument on whether adoption would be in the best interests of V.B. The South Carolina Supreme Court took jurisdiction of the appeal and affirmed the family court's decision. The United States Supreme Court granted certiorari and on June 25, 2013, reversed the South Carolina Supreme Court's decision and remanded the case for further proceedings. On July 17, 2013, finding that the United States Supreme Court "plainly contemplated an expeditious resolution of this case," the South Carolina Supreme Court remanded to the family court "for the prompt entry of an order approving and finalizing Adoptive Couple's adoption of Baby Girl." ECF No. 4-8 at 2.

Pursuant to the South Carolina Supreme Court's directive, Birth Father and the Cherokee Nation filed petitions for rehearing within five days of the South Carolina Supreme Court's order. On July 24, 2013, the court denied the petitions and

"determine[d], upon review of the record, that the adoption of Baby Girl by the Adoptive Couple is in the best interests of Baby Girl." ECF No. 4-10 at 2. The court also found that Birth Father is not entitled to a de novo hearing in family court. Id. at 1 n.1, 2. In conducting a "best interests of the child" analysis, the South Carolina Supreme Court had jurisdiction and authority to "find facts based on [its] own view of the preponderance of the evidence." Latimer v. Farmer, 602 S.E.2d 32 (S.C. 2004); see Adoptive Parents v. Biological Parents, 446 S.E.2d 404, 408 n.6 (S.C. 1994).

Because the best interests of the child – a matter of state law – have been determined by the highest court in the state, this court must abstain from hearing an injunctive challenge to that decision under Rooker-Feldman. Only the United States Supreme Court can review the South Carolina Supreme Court's judgment that adoption by Adoptive Couple would be in the best interests of the child. It will have an opportunity to do so: Birth Father recently petitioned the United States Supreme Court to stay the judgment of the South Carolina Supreme Court, and the matter is ripe for a ruling. Birth Father v. Adoptive Parents, No. 13A115 (U.S. filed July 25, 2013).

For the foregoing reasons, the court **DENIES WITHOUT PREJUDICE** V.B.'s motion for a temporary restraining order, ECF No. 4.[1]

---

[1] This order was prepared in an expedited fashion, based on obvious time constraints. As a result, the court reserves the right to issue a more extensive order in the future.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**July 31, 2013
Charleston, South Carolina**

4